IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CYRUS L. BROOKS,

      Plaintiff,

v.

KEISHA PERRNOUD, et al.

      Defendants.

ORDER

Case No. 20-cv-5-wmc

In an order entered on January 9, 2020, plaintiff Cyrus Brooks was told that before I could consider a request to proceed without prepayment of the filing fee, plaintiff would have to submit a trust fund account statement covering the six-month period preceding the filing of the compliant to determine if plaintiff qualifies for indigent status and if so, assess an initial partial payment of the $350 filing fee[1].

Now plaintiff has filed a motion to use release account funds to pay the entire $400 filing fee in this case. With the exception of initial partial payments, federal courts lack the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from a release account. Therefore, plaintiff cannot use the release account funds to pay the entire filing fee.

Plaintiff has also submitted a statement for December 2019. This statement is insufficient to determine if plaintiff qualifies for indigent status. Instead, plaintiff must submit a certified copy of a trust fund account statement for the entire six-month period immediately preceding the filing of the complaint beginning approximately July 15, 2019 and ending approximately January 15, 2020. Once the necessary statement has been submitted, I will

---

[1] The filing fee is $400 unless a litigant qualifies as indigent under the federal in forma pauperis statute, 28 U.S.C. § 1915, in which case the fee is $350.

calculate the initial partial payment and advise plaintiff of the amount due before the court can screen the merits of the complaint under 28 U.S.C. § 1915(e)(2).

## ORDER

IT IS ORDERED that,

1.      Plaintiff Cyrus L. Brooks's motion for use of release account funds to pay the entire $400 filing fee in this case is DENIED.

2.      Plaintiff may until February 17, 2020 to either pay the $400 filing or submit a certified trust fund account statement for the period beginning approximately July 15, 2019 and ending approximately January 15, 2020.  If, by February 17, 2020, plaintiff fails to respond to this order, I will assume that plaintiff wishes to withdraw this action voluntarily.  In that event, the case will be closed without prejudice to plaintiff filing the case at a later date.

Entered this 27th day of January, 2020.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge