IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CYRUS L. BROOKS,

                Plaintiff,                OPINION AND ORDER

    v.

                                              20-cv-5-wmc

PAMELA SCHMIDT
and SARA FRY,

                Defendants.

---

*Pro se* plaintiff Cyrus L. Brooks is proceeding to trial on claims that defendants Pamela Schmidt and Sara Fry denied him adequate footwear in violation of his Eighth Amendment rights. This case is scheduled for a jury trial on October 16, 2023, with a final pretrial conference ("FPTC") by videoconference on October 6, 2023, at 12:00 p.m. The following order addresses defendants' motions in limine and other trial matters. Brooks submitted a witness list, but did not respond to any of defendants' motions, nor did he submit any of his own exhibits, proposed instructions or verdict form. The court is attaching drafts of the voir dire, introductory, post-trial and deliberations jury instructions, as well as the special verdict.

OPINION

    **A. Defendants' motions in limine (dkt. #69)**

        **1. Exclude reference to details of other legal proceedings, inmate complaints, or accusations involving defendants' personnel files.**

The motion is GRANTED, with the exception that plaintiff may use evidence: (1) for proper impeachment purposes; and (2) subject to discussion outside the jury's presence

as to whether defendants have "opened the door" to its use. The court will discuss both exceptions with the parties at the FPTC.

    **2. Exclude reference to the details of any other lawsuits against the Department of Corrections or its current or former employees.**

This motion is GRANTED.

    **3. Permit counsel to question plaintiff about his criminal conviction.**

Defendants seek permission under Federal Rule of Evidence 609 to ask plaintiff about his criminal convictions, including the title, date, and disposition of his felony level offense. This motion is GRANTED IN PART and DENIED IN PART. As is this court's general practice where the nature of the crime would add little to plaintiff's character for truthfulness, and tend to be unfairly prejudicial for unrelated reasons, defendants may ask plaintiff whether he is serving a sentence for a felony conviction. However, should plaintiff answer "no," then those additional details may be disclosed.

    **4. Exclude any argument, questions, testimony or evidence regarding permanence, future care and treatment, or future pain and suffering.**

Defendants seek to exclude plaintiff or any other lay witness from offering a medical diagnosis or testifying that any specific treatment caused any health problems or that plaintiff will suffer pain into the future. The motion is GRANTED, with the clarification that plaintiff may testify about his own perception of his physical and mental health and may introduce other evidence of his symptoms and injuries falling outside the confines of this motion, including medical records, if any, addressing the possibility or likelihood of permanent injury arising out of inadequate footwear.

5. **Exclude any argument, questions, testimony, or evidence about this court's summary judgment decision, including reference to any claims that were dismissed on summary judgment.**

The motion is GRANTED as the court's summary judgment opinion is not evidence.

B. **Other trial matters**

1. **Street clothes**

Incarcerated plaintiffs may appear at trial in street clothes rather than prison garb. Brooks may wear street clothes, but it is his responsibility to arrange for that clothing. If Brooks wishes to wear street clothes during trial, he should arrange for clothes to either be mailed or delivered to the office of the Clerk of Court, 120 N. Henry Street, Room 320, Madison, WI 53703, so that the clerk's office receives the clothing no later than 8:00 a.m. on the first day of trial. Alternatively, Brooks may ask prison officials to transfer his clothing to the clerk's office when they bring him to the courthouse for trial. Whether prison officials would agree to do this is a matter within their discretion. **Brooks should be prepared to address at the October 6 final pretrial conference whether he has made, or will make, arrangements for street clothes to be delivered to the court.**

2. **Restraints**

Restraints, particularly visible restraints, are rarely necessary in prisoner trials in this court. But the court will take input from the parties at the final pretrial conference on what they believe is necessary for Brooks. Should restraints be necessary, a stun belt is often sufficient.

3. **Order of witnesses**

The two defendants will be available to testify in person, and defense counsel have identified Dr. Karl Hoffmann as the other witness that they intend to call. (Dkt. #73 at 1.) Brooks has identified 13 witnesses that he intends to call, including defendants and Dr. Hoffmann. (Dkt. #60.) Brooks should be prepared to confirm at the FPTC who he still intends to call, and to discuss whether he has followed the necessary procedures for calling those witnesses as described in the court's trial preparation order, and the order in which he intends to call his witnesses. (Dkt. #53.) Both parties should be prepared to discuss whether their witnesses will testify in person or via Zoom videoconference.

ORDER

IT IS ORDERED that:

1) Defendants' motions in limine (dkt. #69) are GRANTED IN PART and DENIED IN PART as explained above.

2) At the October 6, 2023 final pretrial conference, plaintiff should be prepared to discuss whether he has: (1) made arrangements for street clothes to be delivered to the court for trial; (2) followed the necessary procedures for calling his witnesses, and (3) the actual order of witnesses he intends to call. Both parties should be prepared to discuss whether their witnesses will testify in person or via Zoom videoconference.

3) Defense counsel is directed to ensure that Redgranite Correctional Institution staff immediately print and provide a copy of this order and attachments for plaintiff so that he sees it well before the final pretrial conference.

Entered this 2nd day of October, 2023.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge